■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MATOS, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered April 20,

1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years' and one year's imprisonment, unanimously affirmed.

In this "buy-and-bust" case, where defendant argued that he had actually been on the street to purchase cocaine (found in his shoe) rather than to sell heroin as charged, the undercover officer's testimony that defendant had told her he "only ha[d] one [bag of heroin] left" for sale was not so indicative of uncharged criminal activity as to lead the jury to conclude that defendant had a propensity to traffic in narcotics. The probative value of this evidence far outweighed the potential for undue prejudice *(People v Alvino,* 71 NY2d 233).

The brief testimony as to general procedures in having the undercover officer conduct a drive-by confirmation of the perpetrator's identity after the latter's arrest by the backup team did not constitute impermissible bolstering *(People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964). Similarly admissible was testimony as to the common practice of money "laundering" by street-level drug dealers, to explain why defendant was not found in possession of the marked "buy" money. The trial court properly informed the jury that this testimony was to be considered as background information pertaining to "buy-and-bust" operations generally, and not as evidence of what actually occurred.

In any event, any possible error must be deemed harmless in view of the overwhelming evidence of defendant's guilt. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.