■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROMAN, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.) rendered June 5, 1989, which convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree, and sentenced him to terms of six to twelve years' imprisonment and time served, respectively, unanimously affirmed.

The undercover police officer involved in this drug transaction described defendant's role as essentially that of doorman-lookout in the apartment where the transaction occurred. Defendant complains the undercover testified he had previously purchased drugs at this location. Additionally, defendant complains a member of the back-up team was qualified as an expert and testified as to various roles in a typical street drug sale operation, which testimony formed the basis for the prosecutor's explanation in summation as to the failure by police to recover pre-recorded buy money paid by the undercover in this transaction. However, no objection was raised to such testimony and thus, the points are not preserved as questions of law and we decline to reach them. Were we to

consider the points in our interest of justice jurisdiction, we would find no prejudice to defendant. The fact that there had been prior drug sales at the location was first elicited from a witness by defense counsel. That witness had merely testified on direct that a search warrant for the premises had been obtained, which was permissible to alert the jury to the proper reasons for the police attention directed to the location (see, *People v Castro,* 101 AD2d 392, *affd* 65 NY2d 683). Thus, defendant opened the door to the testimony now complained of. Moreover, the testimony did not connect defendant to the prior sales and thus cannot be compared to that condemned in *People v Crandall* (67 NY2d 111). To the extent the expert testimony was offered to explain the absence of pre-recorded buy money from the items seized upon the arrest of the participants in the drug sale, the testimony was admissible *(People v Matos,* 165 AD2d 767). Defendant was not prejudiced by other aspects of this brief testimony. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.