■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASCUAL A. SOTO, Also Known as PASQUALE SOTO, Appellant. —Judgment, Supreme Court, Bronx County (Arlene R. Silverman, J.), rendered May 16, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from three years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant, the sole occupant of a car from which the police recovered more than two ounces of cocaine, testified that other persons also had access to the vehicle, thereby suggesting that they could have placed the narcotics there. Over defendant's objection, the People were permitted to call an expert rebuttal witness to testify to the street value of the narcotics. The *voir dire* was conducted in front of the jury, also over defendant's objection. While limited evidence as to the monetary value of the cocaine was admissible, the breadth of the examination of the expert rebuttal witness was prejudicial to defendant and requires reversal.

Particularly prejudicial was the expert's testimony regarding the various methods by which the narcotics could be distributed and their value increased and the relationship between the Narcotics Division, to which the witness was assigned, and the Federal Drug Enforcement Administration and other narcotics agencies. Such evidence shifted the focus from the central issues in the case to the drug trade in general. *(See, People v Negron,* 136 AD2d 523, 526; *People v Maldonado,* 50 AD2d 556.)* In this connection, we note that defendant was not charged with possessing the drugs with intent to sell.

We find no error in the court's charge, as claimed. In view of our determination, we find it unnecessary to reach defendant's remaining contention, especially since the circumstances upon which it is based are unlikely to recur. Concur— Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.