■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK ELLSWORTH, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered June 6, 1990,

convicting defendant after a jury trial of criminal sale of controlled substance in the third degree, and sentencing him, as a predicate felon, to an indeterminate prison term of from 7 to 14 years, unanimously affirmed.

We reject defendant's argument that the court erred in admitting explanatory testimony by the undercover police officer respecting general street drug sale practices inasmuch as this testimony was admissible to explain the absence of prerecorded buy money and contraband from the items seized from the defendant upon his arrest. *(See, People v Roman,* 171 AD2d 562, *lv denied* 77 NY2d 1000.) Defendant argued a case of mistaken identity at trial, and highlighted the fact that neither buy money nor contraband was found upon defendant's person at the time of his arrest. However, there was eyewitness testimony that defendant was seen transferring the prerecorded buy money to an accomplice who was later observed by arresting officers dropping what turned out to be the prerecorded five dollar bill used in the sale. In any event, the evidence in this case, including two eyewitnesses to the sale and the seizing of prerecorded buy money from defendant's accomplice, presents overwhelming evidence of guilt such as to render any possible error harmless. *(See, People v Matos,* 165 AD2d 767, *lv denied* 76 NY2d 988.)

As to defendant's argument his sentence is excessive because the evidence indicates only a single sale was involved, the claim is without merit in light of the record evidence and defendant's lengthy criminal record, which includes twelve convictions since 1985, some of which were drug related. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.