■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO MIRANDA, Appellant

An undercover officer was qualified as an expert, and testified that after he overheard conversations in which defendant arranged for the delivery of a "package" and "photos" in exchange for money, surveillance was established. Surveillance officers observed codefendant, who was not tried with defendant, arrive at defendant's residence carrying a package, leave defendant's residence, go to his own residence, and leave carrying a rectangular package wrapped in brown paper and contained in a plastic bag. This package contained cocaine. The undercover officer testified that "a package" and "photos", considering their context in the conversations in which they were used, were code terms for a cocaine delivery.

The issue of whether there should have been a circumstantial evidence charge is unpreserved because defendant did not request it at trial (CPL 470.05 [2]; *People v Alexander,* 153 AD2d 507, 509, *affd* 75 NY2d 979), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find it to be without merit. This conviction rested on both direct and circumstantial evidence. The undercover officer's testimony concerning his conclusions concerning defendant's communications was direct evidence of defendant's participation in the conspiracy and indeed control over the operation, and thus established his dominion and control over the cocaine (Penal Law § 220.21 [1]). Even if trial counsel had requested a circumstantial evidence charge, it would not have been required *(People v Ruiz,* 52 NY2d 929).

By failing to specifically challenge the undercover officer's testimony on the basis that the imparted opinion was not beyond the comprehension of the jury, rendering expert evidence unnecessary, defendant failed to preserve this claim, too

*(People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find it to be without merit. Under *People v Cronin* (60 NY2d 430, 432-433), expert opinion is admissible in the discretion of the trial court if beneficial to the jury; it need not be essential.

We have sanctioned expert testimony explaining the role of participants in narcotics sales *(see, People v Roman,* 171 AD2d 562, *lv denied* 77 NY2d 1000), and the uses of narcotics paraphernalia *(see, People v Polanco,* 169 AD2d 551, *lv denied* 77 NY2d 965). Expert opinion has also been held to be a valid means of explaining code terms used by narcotics dealers *(see, United States v Carmona,* 858 F2d 66, 69). As an alternative theory of admissibility, this evidence also served to explain to the jury why surveillance was established, and why eavesdropping on defendant was continued *(see, People v Castro,* 101 AD2d 392, 396, *affd* 65 NY2d 683).

Defendant never moved pursuant to CPL 440.10 (1) to set aside the judgment on the basis of ineffective assistance of trial counsel, and an adequate record in support of that claim is not presented. *(People v Brown,* 45 NY2d 852.) While certain of his contentions may be rejected on the basis of the existing record, namely, counsel's failure to request a circumstantial evidence charge, or to object to a fleeting reference to defendant's conversing in a Colombian dialect, others may raise serious concerns which could only have been addressed in a hearing *(People v Garcia,* 137 AD2d 402, 406). On the present record, defendant has failed to carry his burden of establishing that he was denied meaningful representation *(People v Baldi,* 54 NY2d 137, 146; *People v Satterfield,* 66 NY2d 796, 798-799; *People v De La Hoz,* 131 AD2d 154, 158, *lv dismissed* 70 NY2d 1005), under Federal *(Strickland v Washington,* 466 US 668, 694), as well as State *(People v Vilardi,* 76 NY2d 67, 74, n 3) constitutional standards. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.