■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ATKINSON, Appellant.

Defendant did not object to the People's background evidence on the narcotics trade and "buy and bust" operations, and thus his argument on appeal that such improperly bolstered the testimony of the undercover officer, the sole eyewitness, is unpreserved (CPL 470.05 [2]; *People v Montrose,* 155 AD2d 376, *lv denied* 75 NY2d 870), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find that the evidence did not impermissibly bolster the testimony of the People's witness *(People v Matos,* 165 AD2d 767, *lv denied* 76 NY2d 988), and was not otherwise improper. The testimony was admissible to explain why defendant did not have the buy money or any drugs in his possession when he was arrested shortly after the sale *(People v Roman,* 171 AD2d 562, *lv denied* 77 NY2d 1000). Similarly, the prosecutor's comments on summation regarding this testimony (to which no objection was made) were permissible argument in response to the defense summation. There is no merit to defendant's argument that the sentence, which did not greatly exceed the minimum permissible, was unduly harsh. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.