(January 30, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO QUIJANO, Appellant

Following the surveillance of defendant by a team of officers from the New York State Narcotics Enforcement Unit, search warrants for two of defendant's cars and his house were issued. Execution of the warrants led to the seizure of large sums of money, cocaine, drug paraphernalia, several guns, apartment keys, and counterfeit money detectors. Execution of another warrant, obtained for the apartment which the keys unlocked, resulted in the seizure of documents containing defendant's name, as well as additional large sums of money and guns.

Upon examination of this record, we conclude that it was not error for the court to qualify State Trooper O'Dell as an expert to analyze and interpret the notations in the drug ledger seized from defendant's night table, and to connect the ledger to the defendant through other documents. Under the standards set forth in *People v Cronin* (60 NY2d 430, 432-433), the testimony consisted of opinion on matters beyond the knowledge and training of ordinary jurors.

With respect to defendant's challenges to the introduction of evidence concerning conduct prior to arrest, we find that the testimony regarding suspicious behavior on defendant's part was properly introduced to establish that the police legitimately focused their investigation on him. Similarly, evidence

that defendant had interacted with a person from whom $153,000 in cash was subsequently recovered was relevant to establish defendant's connection with ten kilos of cocaine found in his basement, particularly since defendant's notebook revealed that this sum of money was the approximate price for such a quantity of drugs. *(See, People v Vails,* 43 NY2d 364, 368.)* In addition, such evidence was necessary background information. *(People v Montanez,* 41 NY2d 53, 58.)* We further find that any error in the admission of this evidence would, in any event, be harmless in light of the overwhelming evidence establishing defendant's possession of the drugs and weapons found in his house, and the drug ledger seized from his bedroom. *(People v Crimmins,* 36 NY2d 230, 237.)*

Defendant's contention that he was deprived of effective assistance of counsel because his lawyer purportedly failed to move to suppress evidence of the keys fitting the lock of the searched apartment, was never raised by post-judgment motion pursuant to CPL 440.10. As such, defendant has failed to establish a record upon which this claim may be reviewed. *(People v Brown,* 45 NY2d 852, 853.)* The claim is, in any event, without merit, since counsel did in fact move to suppress all physical evidence on the basis of lack of probable cause and, indeed, defendant does not challenge the court's denial of his suppression motion. Moreover, the admission of the keys was merely cumulative evidence of defendant's dominion and control over the house and the contraband found therein.

Finally, the sentencing court properly considered all of defendant's criminal history, including crimes for which he was not convicted *(People v Powell,* 157 AD2d 524)* on the basis of accurate and reliable information provided by the prosecutor. *(See, People v Villanueva,* 144 AD2d 285.)* Concur —Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.