■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered April 2, 1990, convicting defendant, after a jury trial, of criminal sale of controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years imprisonment, unanimously affirmed.

Under the standards set forth in *People v Cronin* (60 NY2d 430), it was not error to allow a detective to be qualified as an expert for the purpose of explaining the methodology of street drug sales, with particular reference to the use of beepers and the reason for and means of record-keeping, by street dealers *(see, e.g., People v Roman,* 171 AD2d 562, *lv denied* 77 NY2d 1000; *People v Matos,* 165 AD2d 767, *lv denied* 76 NY2d 988; *People v Atkinson,* 122 AD2d 385). Nor did the court err as a matter of law in refusing to charge the jury that the police officers were interested witnesses *(People v Romero,* 136 AD2d 659; *People v Melvin,* 128 AD2d 647; *compare, People v Gomez,* 137 AD2d 556, *lv denied* 71 NY2d 896). Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.