■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered March 13, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

On the evening of June 13, 1989, an undercover police officer involved in a so-called "buy and bust" operation in Queens approached the defendant and asked him whether he was "working". The defendant replied, "[n]o, but my man is. How many do you need?" The undercover officer responded by pulling a $10 bill from his pocket and holding it out to the defendant. The defendant took the bill, and walked over to his codefendant, Shannon Dennis, who was standing approximately three feet away. The defendant then handed Dennis the $10 bill, and Dennis gave the undercover officer two vials of crack cocaine.

During the course of trial, the undercover officer was permitted to testify, over objection, that he understood the question "are you working?" to mean "will you personal[ly] sell me narcotics?" The undercover officer further testified that narcotics dealers often work in teams, and that the term "my man", as used by the defendant, could mean "my partner, my friend, my associate". Moreover, a police sergeant who was not declared an expert witness in the field of narcotics sales was permitted to testify, over further objection by the defense, that the defendant's statement that his "man" was working indicated that the defendant and the codefendant were "working" (i.e., selling narcotics) together.

On appeal, the defendant contends that reversible error took place because the Supreme Court erroneously permitted the police witnesses to testify about the practices and jargon of street level narcotics dealers. We agree. Although a properly qualified expert witness may be permitted to give testimony explaining the use of narcotics code and jargon (see, United States v Campino, 890 F2d 588; People v Miranda, 179 AD2d 391), the roles of the participants in narcotics sales (see, People v Roman, 171 AD2d 562), and the uses of narcotics paraphernalia (see, People v Polanco, 169 AD2d 551), neither of the police witnesses who offered expert testimony at bar was qualified as an expert witness by the trial court (see, People v Falzone, 150 AD2d 249). Moreover, the sergeant's testimony that the defendant's use of the phrase "my man" indicated that the defendant and codefendant were working together to sell narcotics improperly invaded the jury's " 'exclusive province of determining an ultimate fact issue in the case' " (People v Bajraktari, 154 AD2d 542, 543; People v Goodwine, 177 AD2d 708). The evidence that the defendant

was acting in concert with the codefendant to sell narcotics rather than as an agent of the buyer was not overwhelming, and thus, under the circumstances of this case, we cannot conclude that the improperly admitted expert testimony was harmless.

We have examined the defendant's remaining contention and find that it is without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.