■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL OTERO, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 13, 1990, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him to a prison term of 3½ to 7 years, unanimously affirmed.

Defendant's claim that the trial court placed undue pressure on him to accept an enhanced sentence was not preserved for appellate review. In any event, the record of the plea allocution clearly indicates that the guilty plea was knowing and voluntary.

The sentence imposed was appropriate under the circumstances. Having received the benefit of a fairly negotiated bargain, defendant should be bound by its terms *(People v Brito,* 154 AD2d 293). Moreover, in light of his previous felony convictions, defendant could have been sentenced as a persistent felon to a prison term of from 15 years to life pursuant to Penal Law § 70.10. Accordingly, the 3½ to 7 years sentence was not excessive.

Finally, by pleading guilty, defendant waived all nonjurisdictional defects, including his objection to the court's *Sandoval* ruling *(People v Gilliam,* 65 AD2d 533; *People v Council,* 162 AD2d 293, *lv denied* 76 NY2d 854). In any event, since defendant's history of drug offenses indicates a willingness to put his own interest above that of society, the trial court properly determined that the prejudicial effect of the evidence of the prior narcotics convictions would not outweigh its probative worth on the issue of credibility *(see, People v Rahman,* 62 AD2d 968). Concur—Milonas, J. P., Wallach, Kupferman and Smith, JJ.