■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PAGE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered November 26, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 4, 1990, an undercover officer observed the defendant sell a package of heroin to another individual. On appeal, the defendant contends that he was denied a fair trial when

the trial court allowed the undercover officer who observed the sale to testify in a closed courtroom.

Contrary to the defendant's contention, the closure of the courtroom during the undercover officer's testimony was proper. After conducting a *Hinton* hearing *(People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), during which the undercover officer testified that he was still active in a Queens undercover operation and was involved in pending cases in Queens courts, the trial court concluded that the closure was necessary to protect the officer's safety and that of his family. We have consistently upheld such closures under similar circumstances; the trial court's conclusion herein was warranted *(see, People v Jackson,* 178 AD2d 548, 549; *People v Hazzard,* 177 AD2d 594, 595; *People v Glaude,* 176 AD2d 346; *People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]), without merit *(see, People v Ellsworth,* 176 AD2d 127, 128; *People v Roman,* 171 AD2d 562), or harmless in light of the undercover officer's eyewitness testimony concerning the sale and the recovery of the contraband on the person of the purchaser shortly thereafter *(see, People v Ellsworth, supra; People v Matos,* 165 AD2d 767, 768). Thompspon, J. P., Bracken, Pizzuto and Santucci, JJ., concur.