■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK VAN HUSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered May 10, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion when it permitted expert testimony by the undercover police officer, who had observed the drug sale, concerning narcotics abuse, particularly of cocaine and its derivatives. "It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness" (People v Cronin, 60 NY2d 430, 433; People v Roth, 139 AD2d 605, 607; People v Miranda, 179 AD2d 391, 392). Here, the undercover officer testified that crack cocaine users often placed that drug "inside of a cigarette or a 'Bambu' paper, as if they're smoking marijuana". Since the average juror cannot be expected to know the means by which crack cocaine is ingested, this testimony assisted the jurors in understanding what the defendant's buyer was doing when he was observed rolling a hand-made cigarette just

minutes after the drug sale *(see, People v Jones,* 73 NY2d 427, 430; *People v Cronin, supra; People v Roman,* 171 AD2d 562; *People v Diaz,* 181 AD2d 595; *People v Polanco,* 169 AD2d 551; *People v Quijano,* 179 AD2d 576).

Issues of credibility as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence.

We further find that the defendant was not deprived of the effective assistance of counsel. Viewing the totality of the circumstances presented in this case as of the time of the representation, it is apparent that defense counsel provided meaningful representation so as to meet the constitutional requirement of effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.