■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LAWS, Also Known as NATHAN LAWS, Appellant. [610 NYS2d 196] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered September 14, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 6 years to life, unanimously affirmed.

Expert testimony offering an opinion regarding the street value of cocaine at the time and place of the possessory crime charged against defendant was properly admitted as relevant to the issues before the jury, including response to the issue of whether the police would reasonably make use of the relatively large amount of drugs involved to fabricate a constructive possession charge *(see, People v Soto,* 172 AD2d 355). Defendant failed to preserve any procedural challenge to the conduct of the *voir dire* of the proposed expert witness outside the presence of the jury, but rather expressly consented thereto (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert*

*denied* 482 US 914). In any event, in view of defense counsel's extensive cross examination of the witness regarding his experience and qualifications, defendant cannot reasonably claim that the jury was deprived of the opportunity to assess the witness' qualifications. Additionally, in the circumstances, the *voir dire* was appropriately conducted outside the presence of the jury, to assure that the witness' direct testimony would be limited so as to avoid an improper shifting of the jurors' focus from the central issues of the case to the drug trade in general *(People v Soto, supra)*.

Defendant's current claims of prosecutorial misconduct in summation are unpreserved by appropriate and timely objection (CPL 470.05). In any event, the prosecutor's summation comments constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). The unpublished decision and order of this Court entered herein on March 31, 1994 is hereby recalled and vacated. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Tom, JJ. *[See,* — AD2d — (Nov. 10, 1994).]