◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO TEVAHA, Appellant. [611 NYS2d 179] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered March 3, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 6 to 12 years, affirmed.

Defendant's failure to object at trial notwithstanding, a proper foundation was established for the testimony of Officer Scarazzini and Detective Pesce. Despite the fact that they were not formally qualified as expert witnesses, their testimony demonstrated that they had sufficient experience to qualify as expert witnesses on street-level drug dealing *(People v Gonzalez,* 180 AD2d 553, *lv denied* 79 NY2d 1001; *see, People v Duchowney,* 166 AD2d 769, 770-771, citing, *inter alia, People v Siu Wah Tse,* 91 AD2d 350, 353, *lv denied* 59 NY2d 679).

The brief and limited background evidence offered by these two witnesses with respect to the narcotics trade and "buy and bust" operations was properly admitted "to explain the absence of prerecorded buy money and contraband from the items seized from the defendant upon his arrest" *(People v Ellsworth,* 176 AD2d 127, 128, *lv denied* 79 NY2d 856, citing *People v Roman,* 171 AD2d 562, *lv denied* 77 NY2d 1000). Contrary to the view expressed by the dissent, the facts in this case may be distinguished from the circumstances in *People v Kelsey* (194 AD2d 248), where the prosecution's repeated, and more extensive use of similar evidence crossed the line between providing the jury with useful background and prejudicially focusing the jury's attention on the narcotics trade in general *(People v Soto,* 172 AD2d 355; *People v Maldonado,* 50 AD2d 556), and where this Court's decision was also based on the trial court's error in admitting other prejudicial evidence regarding the unrelated arrest of another defendant at the same time and place *(People v Kelsey, supra).*

A prosecutor has broad latitude in summation, particularly in responding to the defense counsel's summation *(People v Galloway,* 54 NY2d 396). The prosecutor did not improperly vouch for her witnesses. Instead, the summation was a fair response to defense attacks on the credibility and veracity of the People's witnesses.

Defendant's sentence was neither harsh nor excessive and we decline to reduce it in the interest of justice. Concur—Ross, Asch, Rubin and Williams, JJ.

Rosenberger, J. P., dissents in a memorandum as follows: Less than four months ago, this Court, in an opinion by Justice Sullivan, held, in a case substantially similar to this one, that the trial court had committed reversible error *(People v Kelsey,* 194 AD2d 248). Today the majority of this panel (which includes three of the five Judges who concurred in the earlier case) finds precisely the opposite.

In the instant case the police officer testifying for the

prosecution said, over defense objection, "in at least 50% of the arrests I have made pre-recorded buy money was, in fact, not recovered". In *People v Kelsey (supra,* at 251), the testimony was that the pre-recorded buy money was recovered " 'fifty percent of the time' " or " 'less than fifty percent' " of the time.

Justice Sullivan, writing for a unanimous Court, stated: "It is one thing to offer an explanation for the absence of buy money or drugs on a defendant at the time of arrest. It is quite another to offer evidence that in the testifying officer's experience such evidence is not recovered in 50% of the drug arrests. Once the explanation was offered as to the various roles played by the integrated group connected to the seller, the jury had all the information it needed to account for the absence of drugs or prerecorded money in defendant's possession at the time of arrest. The introduction of evidence of the practices drug dealers have used on other occasions may not be used to prove defendant's conduct on this particular occasion. The statistical evidence had nothing to do with this case and carried with it undue prejudice" *(People v Kelsey, supra,* at 253).

This defendant was similarly prejudiced by identical statistical evidence. There should be a reversal and a new trial.