■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LAWS, Also Known as NATHAN LAWS, Appellant.

[618 NYS2d 317] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered September 14, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the second degree and sentencing him, as a second felony offender, to a term of 6 years to life, unanimously modified, on the law, the conviction is reduced to criminal possession of a controlled substance in the seventh degree, and the defendant is remanded for resentencing in accordance herewith.

Expert testimony offering an opinion regarding the street value of cocaine at the time and place of the possessory crime charged against defendant was properly admitted as relevant to the issues before the jury, including response to the issue of whether the police would reasonably make use of the relatively large amount of drugs involved to fabricate a constructive possession charge *(see, People v Soto,* 172 AD2d 355). Defendant failed to preserve any procedural challenge to the conduct of the voir dire of the proposed expert witness outside the presence of the jury, but rather expressly consented thereto (CPL 470.05; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). In any event, in view of defense counsel's extensive cross examination of the witness regarding his experience and qualifications, defendant cannot reasonably claim that the jury was deprived of the opportunity to assess the witness' qualifications. Additionally, in the circumstances, the voir dire was appropriately conducted outside the presence of the jury, to assure that the witness' direct testimony would be limited so as to avoid an improper shifting of the jurors' focus from the central issues of the case to the drug trade in general *(People v Soto, supra).*

Defendant's current claims of prosecutorial misconduct in summation are unpreserved by appropriate and timely objection (CPL 470.05). In any event, the prosecutor's summation comments constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, 78, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396).

Defendant further contends that the People have failed to prove an essential element of the crime for which he has been convicted, that he had knowledge of the weight of the cocaine in his possession. Defendant maintains that his conviction should, therefore, be reduced pursuant to the holding in *People v Ryan* (82 NY2d 497). We agree.

Defendant and his brother, Tyese, were rear-seat passengers in an illegal livery cab which was stopped by Sergeant Jose Rosado and Police Officer Paul De Entremont. On the floor of the cab, in the proximity of defendant's feet, Officer De Entremont found a clear plastic bag containing a white substance which a Police Department chemist subsequently determined to be two and one-eighth ounces, plus seven grams, of cocaine. The officers found two additional bags containing cocaine stuffed into Tyese's pants. Defendant was charged, and subsequently convicted, in connection with the bag of narcotics found on the floor of the vehicle.

Contrary to the People's position, defendant's motion for a trial order of dismissal was sufficient to preserve the *Ryan* issue for our review *(People v Cooper,* 204 AD2d 24; *see, People v Kilpatrick,* 143 AD2d 1, 3; *People v Blacknall,* 185 AD2d 108, 109, *lv denied* 80 NY2d 1025).

We also find that *Ryan (supra)* should have retrospective application for rather than pronouncing a new legal principle, it is purely an interpretation of prior existing law *(People v Favor,* 82 NY2d 254, 263, quoting *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 192, *cert denied* 459 US 837; *People v Cooper, supra).*

Turning to the facts of this case, no evidence was educed at trial from which it can be inferred that defendant had knowledge of the weight of cocaine which the officers found on the floor of the cab. This case was given to the jury on a theory of constructive possession (the narcotics were not found on defendant's person) and there was no testimony to indicate that defendant ever handled the narcotics or that he discussed its weight, value, potency or a potential sale. Concur—Murphy, P. J., Ellerin and Tom, JJ.

Kupferman and Ross, JJ., dissent for the reasons stated by Ross, J., in *People v Douglas* (205 AD2d 280).

Reargument granted and upon reargument, the decision and order of this Court entered on April 5, 1994 (203 AD2d 34) is recalled and vacated, and a new decision and order substituted in place thereof, decided simultaneously herewith. Concur—Murphy, P. J., Ellerin and Tom, JJ.

Kupferman and Ross, JJ., dissent and would deny reargument for the reasons stated by Ross, J., in *People v Douglas* (205 AD2d 280).