THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WALKER, Appellant. [631 NYS2d 918] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered July 22, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his challenge to the admission of testimony by a police witness that, in the witness's experience, pre-recorded money is not recovered from drug dealers in "about 50 percent" of arrests (see, CPL 470.05 [2]; People v Tevaha, 84 NY2d 879). In any event, we reject the defendant's contention that he was denied a fair trial by the admission of this testimony since it was necessary to explain the absence of the pre-recorded money on the defendant (see, People v Tevaha, 204 AD2d 92, affd 84 NY2d

879, *supra; People v Ellsworth,* 176 AD2d 127; *cf., People v Kelsey,* 194 AD2d 248), particularly in light of the defendant's repeated and extensive focus during trial on the fact that the pre-recorded money was not recovered from him in the instant case *(cf., People v McKnight,* 144 AD2d 702).

The trial court's *Sandoval* ruling was not an improvident exercise of discretion *(see, People v Sandoval,* 34 NY2d 371; *People v Carrasquillo,* 204 AD2d 735; *People v Moise,* 199 AD2d 423; *People v King,* 187 AD2d 612; *People v Otero,* 184 AD2d 484; *People v Kyser,* 147 AD2d 590; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.