■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GAYNOR, Appellant. [685 NYS2d 3] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered November 14, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

The court properly exercised its discretion in receiving testimony from an expert concerning packaging and market

value of narcotics. This testimony contained details that were highly unlikely to be within the knowledge of an average juror (*see, People v Van Huse*, 187 AD2d 684, *lv denied* 81 NY2d 894; *People v Polanco*, 169 AD2d 551, *lv denied* 77 NY2d 965). The testimony was relevant to intent to sell under the third-degree possession count and to knowledge of weight (pursuant to then-applicable law) under the fifth-degree count. Although the main issue at trial was whether defendant possessed the drugs at all, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245) as to these other essential elements. There was nothing in the expert testimony to suggest that defendant was part of a large-scale drug operation, or to "bolster" the credibility of the arresting officers, and the court's limiting instructions prevented the jury from drawing any such inferences. We have considered and rejected defendant's remaining arguments. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.