■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEAL CORDON, Appellant. [691 NYS2d 390] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered July 14, 1997, convicting defendant, after a jury trial, of burglary in the first degree (2 counts), robbery in the first degree, reckless endangerment in the first degree and burglary in the second degree, and sentencing him, as a persistent violent felony offender, to five concurrent terms of 25 years to life, unanimously affirmed.

Defendant was not deprived of his right to present a defense by the court's ruling precluding him from introducing in evidence the videotaped Grand Jury testimony of the deceased complaining witness. That witness had testified at the first trial in this case, which resulted in a hung jury, and his testimony from the first trial was read in evidence at the second trial. While *People v Robinson* (89 NY2d 648) permits the introduction of Grand Jury testimony in limited circumstances, this case bears little resemblance to the circumstances that led to the holding in *Robinson*. There, the testimony of the defendant's estranged wife could not be secured for trial and her testimony before the Grand Jury had been exculpatory. It was critical to the defense and since the prosecutor had presented the ex-wife to the Grand Jury and extensively examined her in a manner closely resembling cross-examination, her testimony had sufficient indicia of reliability to be received in evidence, notwithstanding the hearsay rule. Here, there is no missing exculpatory testimony from a critical witness. The jury heard from the deceased victim of this crime through the introduction of his testimony from the first trial. The only purpose for which the videotaped Grand Jury testimony was sought was so that the jury could observe the victim's hostile demeanor at the time of his Grand Jury testimony, defense counsel having conceded that the testimony would be consistent with that given in the first trial. The exception in *Robinson* does not apply to introduction of a videotape merely to demonstrate demeanor and, even if it did, such evidence in this case would have been cumulative since the victim's testimony from the first trial featured angry outbursts that were not redacted from the record.

The testimony of the People's medical expert did not deprive defendant of a fair trial. Although the court had ruled, for

discovery-related reasons, that the doctor's testimony would be limited to non-expert observations, the extent to which her testimony overstepped that boundary was minimal and harmless (*compare*, *People v Falzone*, 150 AD2d 249, *lv denied* 74 NY2d 739). Defendant's claim of prejudice arising from a comment he made in his opening statement in purported reliance on the court's ruling is unsubstantiated, particularly in light of the court's instructions to the jury.

The prosecutor's summation comment in which he stated that the victim had "come alive" through the testimony from the first trial did not violate the court's order that neither side was to reveal that the witness had died. This phrase referred to the fact that the jury heard the testimony of an unavailable witness and it did not convey the impression that the witness was dead. We have considered and rejected defendant's remaining claims concerning the prosecutor's summation. Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.