■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN DOUGLAS, Appellant. [757 NYS2d 728] —Judgment,

Supreme Court, New York County (Herbert Altman, J.), rendered August 17, 2000, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 13 years and 2 to 4 years, unanimously affirmed.

The court properly denied defendant's request for a missing witness charge as to the estranged girlfriend of the victim. The court correctly concluded that this witness was not under the People's control for purposes of a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *People v Lake*, 301 AD2d 432 [2003]; *compare People v Keen*, 94 NY2d 533 [2000]). In any event, were we to find any error in the denial of the instruction, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt and the fact that defense counsel was permitted to comment in summation on the witness's absence.

The court properly denied defendant's request to introduce the missing witness's grand jury testimony into evidence. Defendant did not have a constitutional right to introduce this hearsay evidence under *People v Robinson* (89 NY2d 648 [1997]), because it did not constitute "missing exculpatory testimony from a critical witness" (*People v Cordon*, 261 AD2d 278, 278 [1999], *lv denied* 93 NY2d 1016 [1999]). Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.