■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIOMEDEZ MADRIGAL, Appellant. [783 NYS2d 583]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 15 years to life and 7½ to 15 years, respectively, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Defendant's claim that the proposed inquiry would have violated his right against self-incrimination (*see People v Betts*, 70 NY2d 289 [1987]) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court permitted only a very limited inquiry that would not have called for defendant to incriminate himself as to his pending case.

The court properly denied defendant's request to introduce a deceased witness's grand jury testimony into evidence. Defendant did not have a constitutional right to introduce this hearsay evidence under *People v Robinson* (89 NY2d 648 [1997]) because it was not critical to his defense (*see People v Cordon*, 261 AD2d 278 [1999], *lv denied* 93 NY2d 1016 [1999]). This witness's daughter provided similar testimony to the grand jury, and was available to testify at trial, but defendant chose not to call her (*see United States v Inadi*, 475 US 387, 394 [1986] [general preference for live testimony]). Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.