Corneal CORDON, Petitioner–
Appellant,

v.

Charles GREINER, Respondent–
Appellee.

No. 03–2599–PR.

United States Court of Appeals,
Second Circuit.

March 15, 2007.

Marjorie M. Smith, Piermont, NY, for Petitioner–Appellant.

Frederick H. Wen, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), New York, NY, for Respondent–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Appellant Corneal Cordon appeals from a judgment of the United States District Court for the Southern District of New York (Knapp, J.), entered on July 9, 2001, denying Cordon's petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Cordon v. Greiner,* No. 00 Civ. 8927, 2001 WL 775962 (S.D.N.Y. July 9, 2001). The petition challenged a July 14, 1997 judgment of the New York Supreme Court that convicted Cordon, after a jury trial, of two counts of first degree burglary, first degree robbery, first degree reckless endangerment, and second degree burglary.

We assume the parties' familiarity with the facts, the procedural history, and the issue presented on appeal.

This Court has granted a certificate of appealability solely as to Cordon's contention that the trial court denied his right to a fair trial by erroneously permitting the prosecution to present expert medical testimony from Dr. Joyce Pastore, who treated victim Richard Trudeau several months after he was robbed in his apartment.

Although defense counsel was aware that Trudeau's medical records would be introduced, the prosecution had not listed a medical expert in its pre-trial witness list. Making an assumption based on the witness list, defense counsel told the jury in his opening statement that they would hear no testimony besides Trudeau's own "that the medications that he was under did not affect him." When Dr. Pastore was called to interpret Trudeau's medical records, the defense objected. In response, the trial court warned the prosecution that Pastore was not permitted to put forth any expert opinion on Trudeau's condition, and instructed the jury that Pastore was not qualified as an expert and that the sole purpose of her testimony was to interpret Trudeau's medical records for them. Cordon argues that Pastore did testify as an expert and that the admission of her testimony undermined his counsel's opening statement.

The Appellate Division rejected Cordon's direct appeal on the merits of his fair trial claim. *See People v.Cordon,* 261 A.D.2d 278, 691 N.Y.S.2d 390 (N.Y.App. Div. 1st Dep't 1999), *leave denied,* 93 N.Y.2d 1016, 697 N.Y.S.2d 575, 719 N.E.2d 936 (1999). Under the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may not be granted on the basis of a claim that was adjudicated on the merits in a state court proceeding unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Appellate Division's affirmance of Cordon's conviction was neither contrary to, nor an unreasonable application of clearly established Federal law. "The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence' is so extremely unfair that its admission violates fundamental conceptions of justice.'" *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir.1998) (quoting *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). Such unfairness will only result where "the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it. In short it must have been crucial, critical, [and] highly significant." *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir.1985) (internal quotation marks omitted), *cited in Dunnigan*, 137 F.3d at 125.

Portions of Pastore's testimony veered into expert testimony; but assuming it was error for the trial court to permit this, any such error was not so extreme as to warrant federal habeas relief. Most of Pastore's testimony was an interpretation of Trudeau's medical records based on her personal knowledge of the terminology; defense counsel never disputed that the jury was entitled to have the medical records explained to them; and the contents of the medical records themselves tended to corroborate that Trudeau suffered from no cognitive impairments. Viewing the record as a whole, we do not think that the exclusion of the objectionable testimony would have raised a reasonable doubt; nor do we think the interpretation of the medical records through a doctor's testimony (rather than through some other means)

gave the medical records undue weight as evidence of Trudeau's cognitive and mental capacity.

As to any prejudice that might have resulted from defense counsel's loss of credibility, we agree with the state trial court that because defense counsel knew that the jury would be shown Trudeau's medical records, and knew that it was generally appropriate to have medical records interpreted for a jury, it was incautious to draw attention to the anticipated absence of any testimony about Trudeau's condition. Moreover, defense counsel's opening only predicted that the jury would hear no expert testimony on the side-effects of Trudeau's medications; Pastore's testimony on direct in fact did not address this subject, and it was defense counsel who chose to ask Pastore on cross-examination about the medications' side-effects. Whether counsel's strategy was so unwise as to constitute ineffective assistance of counsel is not before the Court, and we express no opinion on it. There is no merit to Cordon's claim of unfair prejudice.

We have reviewed Cordon's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**