■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ARTIS, Appellant. [881 NYS2d 318]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 1, 2006, convicting him of conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The overt act necessary to the conspiracy (*see People v Ribowsky,* 77 NY2d 284, 293 [1991]; *People v Bongarzone,* 116 AD2d 164 [1986], *affd* 69 NY2d 892 [1987]) was established through evidence of a series of telephone conversations concerning the delivery of the illicit substances (*see People v Hernandez,* 242 AD2d 339, 340 [1997]; *People v Menache,* 98 AD2d 335, 337-338 [1983]), as explained by a police officer qualified as an expert in narcotics code and jargon (*see People v Hunt,* 249 AD2d 246 [1998]; *People v White,* 184 AD2d 798 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's claim that the County Court erred in failing to declare a mistrial was waived by the defendant's rejection of the County Court's offer to do so (*see People v White,* 53 NY2d 721, 723 [1981]; *People v Cerami,* 33 NY2d 243, 248 [1973]). In any event, any prejudice to the defendant was overcome by the prompt curative instruction given by the County Court (*see People v Berg,* 59 NY2d 294 [1983]; *People v Smith,* 288 AD2d

244 [2001]). Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.