People v Marte (2025 NY Slip Op 05776)

People v Marte

2025 NY Slip Op 05776

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Ind. No. 4081/19|Appeal No. 4992|Case No. 2023-00785|

[*1]The People of the State of New York, Respondent,
v
Jeury Marte, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Rosemary Herbert of counsel) and Holwell Shuster & Goldberg LLP, New York (Nicholas H. Hallock of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil Ross, J., at suppression hearing; Althea E. Drysdale, J., at trial and sentencing), rendered February 2, 2023, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.
The court properly denied defendant's motion to suppress the gun he discarded while being chased by police officers. Considering the totality of the circumstances, the officers' directives for defendant to "stop" and to "come back" did not amount to a seizure (see People v Bora, 83 NY2d 531, 535-536 [1994]). At the least, the officers possessed reasonable suspicion when defendant turned and ran while apparently holding something close to his waistband or pocket with his right hand. Therefore, the pursuit and recovery of the gun were justified (see People v Parker, 32 NY3d 49, 56 [2018]).
The court did not improperly admit statistical or expert testimony. The testimony of evidence collection officer Hennginston Bernard and of Heather Nelson, an assistant director at OCME, was admissible to complete the narrative (see People v Matos, 34 AD3d 253 [1st Dept 2006], lv denied 8 NY2d 882 [2007]). Officer Bernard's testimony did not include a statistical or inferential claim about the likelihood of the defendant leaving fingerprints on the gun. Instead, he described routine forensic limitations in recovering fingerprints from guns in general. Similarly, Nelson's explanation regarding OCME protocols served to contextualize the occurrence of contamination, not to imply the defendant's guilt. This background testimony did not constitute the sort of probabilistic testimony that we disapproved of in People v Kelsey (194 AD2d 248, 250-253 [1st Dept 1994]) but was akin to "[t]he brief and limited background evidence . . . with respect to the narcotics trade and 'buy and bust' operations" that we found was properly admitted in People v Tevaha (204 AD2d 92, 94 [1st Dept 1994], affd 84 NY2d 879 [1994]).
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025