OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s plea of guilty vacated, defendant’s motion to suppress granted to the extent of suppressing his oral statements and the matter remitted to the Nassau County Court for further proceedings on the indictment.
 

 The only issue presented on this appeal is whether the People established the voluntariness of the defendant’s confession beyond a reasonable doubt as having been obtained
 
 *652
 
 consistent with defendant’s right to counsel. At the suppression hearing, the People presented the testimony of Steven Hoffman, the arresting officer and Dennis Gannon, the detective to whom defendant confessed. This testimony revealed that Hoffman brought defendant to the station house and relinquished custody of him to another detective. Later on, Hoffman was instructed to search his police car for stolen property. Although no stolen property was located, a gun was found in the car near where defendant had been seated. Hoffman testified that he turned the gun over to detectives in the precinct and did not participate in any interrogation of the defendant. Gannon testified that he arrived at the precinct a good while later and informed defendant of his constitutional rights, which he voluntarily waived, and defendant subsequently made certain oral statements which are the subject of this appeal. Gannon further testified that he never told defendant that the gun was found in the police car but that defendant had been told that by someone. Gannon also revealed that another detective, Carmine Susa, was present during the interrogation and took part in the questioning of the defendant.
 

 Defendant testified that subsequent to his arrest, the arresting officer transported him to the precinct and turned him over to a "stocky, white, short” police officer who handcuffed him to a desk and interrogated him prior to any interrogation by Gannon. This officer told defendant that there were footprints by the scene of the crime and requested defendant’s sneakers to investigate whether they matched the footprints. Defendant testified further that after he turned his sneakers over, he asserted his right to counsel and asked to call Steven Singer, an attorney whom he knew. At this point, Hoffman returned and spoke to the unknown officer who confronted defendant a short time later with a gun, which the officer told defendant was found in the police car that had transported defendant. It was only after this interrogation by the "stocky, white short” officer, according to defendant, that Gannon returned and began questioning him, at which time defendant waived his rights and confessed.
 

 Defendant’s version of the events transpiring after he arrived at the precinct and before the interrogation by Gannon was corroborated by the testimony of the People’s witnesses. Hoffman testified that upon arriving at the precinct he relinquished custody to another officer and that he gave the gun to detectives in the precinct. Gannon’s testimony indicated that
 
 *653
 
 he was not the first officer to confront defendant with the gun, that another detective, Carmine Susa, had access to defendant, and that Gannon’s interrogation of the defendant did not begin until sometime after defendant’s arrival at the precinct.
 

 While it is true that the People have no obligation to produce all police officers who had contact with the defendant from arrest to the time that the challenged statements were elicited
 
 (People v Witherspoon,
 
 66 NY2d 973, 974), this record does not support the determination by the lower courts that the defendant’s right to counsel was not violated by questioning him after he had requested counsel.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.