■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 22, 1986, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements and physical evidence.

Ordered that the judgment is affirmed.

After receiving from an eyewitness an account of an attempted burglary of a nearby residence and his description of the two male perpetrators, the police apprehended the defendant and his companion. On-the-scene identifications were made by the eyewitness. It is well settled that information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest *(People v Selasar,* 91 AD2d 616, 617; *People v Sanders,* 79 AD2d 688, 689). Inasmuch as the police, in the instant case, were in possession of specific and articulable facts which would reasonably lead a prudent person to conclude that the defendant and his companion had committed a crime, the arrest was properly based on probable cause.

The mere fact that approximately two hours may have elapsed between the point at which the defendant was advised of and waived his rights and his admission that he had acted

as a lookout does not render the interrogation inherently coercive. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021).

Inasmuch as the record unequivocally indicates that the defendant had a clear understanding of what a guilty plea connotes and the consequences thereof *(see, People v Harris,* 61 NY2d 9), the court did not err in accepting his plea.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.