■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.),

rendered October 31, 1986, convicting him of rape in the second degree, sodomy in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant challenges the hearing court's denial of his motion to suppress his oral and videotaped confessions. The testimony of the detective to whom the oral confession was made was sufficient to meet the People's burden of establishing the voluntariness of that oral confession beyond a reasonable doubt. "When the People in the first instance establish the legality of police conduct and the defendant's waiver of his rights, as they have here, the burden of persuasion on a motion to suppress rests with the defendant (*People v Love,* 85 AD2d 799, *affd* 57 NY2d 998)" (*People v Leftwich,* 134 AD2d 371, 372, *lv denied* 70 NY2d 957). The defendant did not sustain that burden; he presented no bona fide factual predicate which demonstrated that other officers possessed material evidence on the issue of whether the oral statements were coerced so as to require the testimony of such officers (*see, People v Witherspoon,* 66 NY2d 973). Furthermore, there is no basis upon which to disturb the hearing court's holding that the videotaped confession was not the product of coercion (*cf., People v Anderson,* 42 NY2d 35).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.