■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STONNIE CHAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 7, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant challenges the hearing court's denial of that branch of his omnibus motion which was to suppress his videotaped confession. The defendant contends that the People, by failing to call the arresting detective who, according to the defendant's testimony at the hearing, threatened and coerced him into giving his videotaped statement, did not establish that his confession was voluntary.

While it is the People's burden to establish beyond a reasonable doubt that the defendant's statements were voluntarily made (see, People v Anderson, 42 NY2d 35; People v Valerius, 31 NY2d 51), "[t]his does not mean * * * that the People are mandated to produce all police officers who had contact with the defendant from arrest to the time the challenged statements were elicited" (People v Witherspoon, 66 NY2d 973, 974; see, People v Anderson, 69 NY2d 651; People v Leftwich, 134 AD2d 371, lv denied 70 NY2d 957). Thus, where the prosecution in the first instance establishes the legality of police conduct and the defendant's waiver of his rights, the burden of persuasion on a motion to suppress rests with the defendant (People v Love, 85 AD2d 799, affd 57 NY2d 998; see, People v Wilson, 143 AD2d 786; People v Leftwich, supra).

We find that the defendant's allegations were refuted by the videotape itself which confirms the court's finding that the defendant, appearing relaxed, unhandcuffed and while smoking a cigarette, voluntarily admitted his commission of the robbery. Moreover, the defendant's own credibility was impeached at the hearing by his testimony that he had never previously been in "trouble" when, in fact, he had served a year in jail upon a felony conviction and the fact that he never complained of the purported threats and coercive methods.

Accordingly, the hearing court properly denied the motion to suppress the videotaped confession. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.