■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES HOWARD, Respondent.—Order of the Supreme Court, New York County (Jay Gold, J.), entered May 28, 1987, granting defendant's motion to dismiss in the interest of justice an indictment charging him with criminal sale of a controlled substance in the third degree and related possessory offenses, is unanimously reversed, on the law and facts and as a matter of discretion in the interest of justice, the motion denied and the indictment reinstated and the matter remanded for further proceedings.

For the purposes of this appeal, we accept as true that on January 7, 1986, defendant sold two vials of cocaine to an undercover officer. Seven additional vials of cocaine, although suppressed, were found on defendant's person and 100 vials were recovered from an accomplice. While released on his own recognizance awaiting trial, defendant sold 100 vials of crack

to an undercover officer on February 12, 1986, and 800 vials on April 16, 1986. He was indicted in the United States District Court for the Southern District for charges arising only out of these two latter sales. He pleaded guilty to distribution of cocaine and received a sentence of two years in prison, six years' parole and a $50 fine. The sentencing District Court Judge specifically noted that charges based on the January 1986 sale were still pending in the State court and were different from the charges disposed of in the Federal indictment.

Thereafter, Criminal Term granted defendant's motion to dismiss the instant indictment pursuant to CPL 210.20 (1) (i) and 210.40. It found the three sales were "close enough together" to constitute "one course of criminal behavior" and that the position of the prosecutor that another, separate State sentence be imposed was "preposterous and inhumane" and "inconsistent with even a rudimentary notion of justice". We disagree. The criteria set forth in CPL 210.40 as applied to this case clearly demonstrate that prosecution of defendant would not result in injustice (see, People v Rickert, 58 NY2d 122).

The defendant's January, February and April sales were not, as found by Criminal Term, part of a single criminal transaction. They were separate and distinct offenses committed on entirely separate occasions. Likewise, no double jeopardy or comity considerations preclude prosecution of the State charges, which are separate and distinct from the unrelated Federal ones for which defendant was convicted.

Further, Criminal Term failed to take into account the factors enumerated in CPL 210.40 (1):

"§ 210.40 Motion to dismiss indictment; in furtherance of justice.

"1. An indictment or any count thereof may be dismissed in furtherance of justice, as provided in paragraph (i) of subdivision one of section 210.20, when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:

"(a) the seriousness and circumstances of the offense;

"(b) the extent of harm caused by the offense;

"(c) the evidence of guilt, whether admissible or inadmissible at trial;

"(d) the history, character and condition of the defendant;

"(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;

"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;

"(g) the impact of a dismissal upon the confidence of the public in the criminal justice system;

"(h) the impact of a dismissal on the safety or welfare of the community;

"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;

"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose."

Consideration of the "seriousness and circumstances of the offense" (para [a]) shows an individual selling cocaine within blocks of a junior high school. "[D]rug dealing in its present epidemic proportions is a grave offense of high rank" (*People v Broadie,* 37 NY2d 100, 113, *cert denied* 423 US 950). "[T]he evidence of guilt" (para [c]) was also overwhelming here. The undercover officer bought two vials of cocaine from defendant and identified him later that day. Another officer recovered seven additional vials of cocaine from the defendant's person together with the prerecorded "buy" money. While suppressed, this latter evidence, pursuant to the statute, must also be weighed when considering the evidence of defendant's guilt.

Defendant pleaded guilty in 1984 to criminal possession of a weapon in the third degree and received a sentence of five years' probation. Two years later he was arrested for possession of narcotics and, while released on his own recognizance, committed the sale charged in this indictment. Thereafter, when again released on his own recognizance, defendant again sold sizeable quantities of drugs on at least two other occasions. This "history, character and condition of the defendant" (para [d]) certainly did not militate in favor of a dismissal of these charges.

Since defendant committed discrete, separate crimes, there is no injustice in imposing separate punishments. Thus, Crimi-

nal Term's indignation at the possibility of another prison term being imposed upon defendant for the instant offense, in addition to the sentence he received from the United States District Court, was misplaced. The "purpose" of a separate sentence, under the circumstances, is certainly valid and the "effect", considering his criminal history, might be salutary (para [f]). Defendant's record of committing this crime while on probation, and then again selling drugs while released on his own recognizance, and thereafter again being arrested for assault while on Federal parole, demonstrates that a dismissal would not only lower "the confidence of the public in the criminal justice system" (para [g]), but also most likely impinge on "the safety or welfare of the community" (para [h]).

As we have previously noted: "The trial court's discretion to dismiss in the interest of justice, should be 'exercised sparingly' and only in that 'rare' and 'unusual' case where it 'cries out for fundamental justice beyond the confines of conventional considerations' " (People v Insignares, 109 AD2d 221, 234). This is not one of those cases which warrants the exercise of the power to dismiss an indictment in the furtherance of justice pursuant to CPL 210.40. Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Rubin, JJ.