■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY STACKHOUSE, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Charde, J.), rendered September 2, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

On the morning of January 4, 1986, at about 10:30 A.M., Police Officer William Anderson arrived at St. Luke's Hospital in Newburgh and was informed by a nurse that a badly bruised child had been involved in a drowning. The child had been brought to the hospital by his mother and the defendant. Other police officials arrived at the hospital. After taking the defendant into a separate room, Deputy Chief Bloom, in the presence of Lieutenant Canning, asked the defendant what happened. The defendant started sobbing and ultimately stated that he hit the child too hard. A while later, the defendant stated to Sergeant Engle that the child boxed with other children, and about 40 minutes thereafter, at about 12:45 P.M., the defendant admitted to Lieutenant Thomas that he previously hit the child with an electric cord. All of these statements were made at the hospital. The statements to Sergeant Engle and Lieutenant Thomas were suppressed by the hearing court.

Shortly after 12:45 P.M., Lieutenant Thomas asked the defendant if he would go to police headquarters with him, and the defendant agreed. During the ride to the precinct, no questioning took place and there was no conversation.

At the precinct, the defendant was given his *Miranda* warnings by Detective Smith and agreed to give a statement. Beginning at 2:50 P.M., the defendant admitted to Detective Smith that while he was alone with the child that morning, he spanked him and then sent him to the bathroom. He then claimed that he heard a loud noise and upon going to the bathroom realized the child had struck his head. The defendant admitted to having struck the child on previous occasions with an electric cord. Thereafter, during the evening, the defendant made several more oral statements to Smith at police headquarters.

Contrary to the defendant's contention, the hearing court did not err in denying suppression of the challenged statements. The statement made by the defendant to Deputy Chief Bloom at the hospital was in response to investigative inquiries and was not the result of custodial interrogation. As such, it was properly admitted into evidence even though it was made prior to the giving of *Miranda* warnings *(see, People v Bennett,* 70 NY2d 891; *People v Huffman,* 41 NY2d 29; *see also, People v Patterson,* 138 AD2d 540).

We also find no merit to the defendant's contention that the statements he made at police headquarters, although preceded

by full *Miranda* warnings, were nonetheless tainted by his earlier statements made to Lieutenant Thomas and Sergeant Engle at the hospital which the hearing court properly suppressed. There was no evidence adduced at the suppression hearing to support the defendant's contention that the later statements were involuntarily given on constraint of his earlier statements (*see, People v Tanner,* 30 NY2d 102; *People v McIntyre,* 138 AD2d 634); nor can the later statements be considered the product of a single continuous chain of events, as the defendant was not subject to continuous and custodial interrogation between the time he made the inculpatory statement to Lieutenant Thomas at the hospital and his confessions at headquarters (*see, People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112; *see also, People v Steed,* 133 AD2d 433). Moreover, the evidence adduced at the hearing supports the conclusion that the defendant knowingly and voluntarily waived his rights, and, contrary to his contention on appeal, it was unnecessary for the police to repeat the *Miranda* warnings prior to each statement the defendant made at headquarters (*see, People v Starks,* 139 AD2d 681; *People v Allen,* 138 AD2d 612). Lastly, the court did not err in denying defense counsel's request for an adjournment to subpoena more witnesses during the *Huntley* hearing (*see, People v Anderson,* 69 NY2d 651; *People v Chavis,* 147 AD2d 582).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.