■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARLAND, Appellant.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J., at suppression hearing, jury trial and sentence) rendered June 15, 1988, convicting defendant of manslaughter in the first degree and assault in the second degree, and sentencing him to consecutive terms of imprisonment of 8-⅓ to 25 years and 2-⅓ to 7 years, respectively, unanimously modified, on the law, to the extent of vacating the imposition of consecutive sentences and ordering them to be served concurrently, and otherwise affirmed.

Defendant's conviction arises out of his arrest in connection with an execution-style shooting death on March 30, 1987, in the course of which a stray bullet also wounded an innocent bystander.

Defendant's claim that his constitutional right to counsel was violated by police conduct in this case is without merit. The record supports the hearing court's finding that defendant's statements to a police detective during a telephone call initiated by defendant were both voluntary and non-custodial. Therefore, no *Miranda* violation, as claimed before the hearing court, occurred (see, *Miranda v Arizona,* 384 US 436). Furthermore, the record establishes that defendant's statements, as well as the lineup procedure, occurred during the investigatory stages of this case, and that defendant did not in any way indicate that he had obtained counsel on the matter under investigation (see, *People v Skinner,* 52 NY2d 24).

Also without merit are defendant's claims that the People failed to adequately prove defendant's intent to cause "serious physical injury" to the deceased, or that the assault victim suffered "physical injury". Evidence adduced at trial established that defendant and another individual, both armed with guns, forced their way into the apartment of the deceased, and fired at least one shot each. Two bullets entered the deceased's body, causing his death. During this shooting episode, a bullet grazed the leg of the deceased's girlfriend, who was in the apartment at the time. Her testimony, and that of a treating physician, indicated that the bullet wound was burning and bleeding, required hospital treatment, and resulted in prolonged pain and continuing leg cramps. Considering such evidence, and the inferences that could properly be drawn therefrom, the jury reasonably found that the elements of the manslaughter and assault charges were proved beyond a reasonable doubt. *(See, People v Barnes,* 50 NY2d 375.)

There was no abuse of discretion in the trial court's allow-

ance of good faith questioning concerning what defendant had told a witness who testified for the People, regarding his actions on the night in question *(see, People v Alamo,* 23 NY2d 630).

Review of the record indicates that the trial court's charge to the jury included appropriate instructions on burden of proof, credibility, competent evidence, reasonable doubt, and acting in concert.

No exceptions were taken by defense counsel to the court's charge which, as a whole, conveyed the appropriate legal standards *(see, People v Thomas,* 50 NY2d 467). In this connection, it is noted that defendant did not request a "purely circumstantial evidence" charge, and has thus failed to preserve this issue for appellate review as a matter of law *(People v Ford,* 66 NY2d 428). In any event, such a charge was not warranted in this case, where evidence presented was both direct and circumstantial, and inferences to be drawn from the evidence establishing defendant's guilt were direct and compelling *(see, e.g., People v Devonish,* 159 AD2d 320, *lv denied* 76 NY2d 733).

As the manslaughter count was charged to the jury as a material element of the assault count, defendant's sentences must run concurrently, and not consecutively (Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208). Otherwise, there was no error or abuse of discretion by the sentencing court in imposing sentence herein *(see, People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951).

All other claims of defendant have been reviewed and found to be both unpreserved for appellate review as a matter of law, and without merit. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.