■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered December 5, 1990, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was questioned at the scene of the crime after voluntarily waiving his *Miranda* rights. On appeal, the defendant contends that the statements he made at the police station two to three hours later were involuntary and should be suppressed because the police officer who questioned him failed to repeat the *Miranda* warnings. This contention is without merit. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *see also, People v Morris,* 140 AD2d 551; *People v Allen,* 138 AD2d 612).

We find that the sentence imposed was not excessive. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.