■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN REYES, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 21, 1991, convicting him of burglary in the second degree (two counts), grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree under Westchester County Indictment No. 89-00830-01,

upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered May 21, 1991, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree under Indictment No. 89-00971-01, upon a jury verdict, and imposing sentence. The appeal under Indictment No. 89-00830-01 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant's contention that his confession should have been suppressed is without merit. At the *Huntley* hearing the People met their burden of going forward to show the legality of the police conduct in the first instance and proved beyond a reasonable doubt that the confession was voluntary. The defendant offered no rebuttal evidence to support his contention that his confession was coerced. Therefore, the denial of suppression was proper *(see, People v Di Stefano,* 38 NY2d 640; *People v Leftwich,* 134 AD2d 371). At the trial, the evidence proved that the defendant asked the police if there was anything he could do to prevent his wife from being arrested. The police told him "yes", and that he could tell them where the stolen property was. Because it was the defendant himself, and not the police, who initiated this discussion, his confession was clearly voluntary *(see, People v Monzon,* 167 AD2d 357). Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.