■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HOWARD DUNLAP, Respondent. [629 NYS2d 407] —Order, Supreme Court, New York County (Jay Gold, J.), entered May 24, 1993, which dismissed count one of the indictment in the interest of justice, unanimously reversed, on the law and the facts, the count reinstated, and the matter remanded for further proceedings on the indictment.

Order, same court and Justice, rendered orally on May 21, 1993 and entered in writing on June 3, 1993, which granted defendant's motion to suppress his statement, unanimously reversed, on the law and the facts, and the motion denied.

Count one of the indictment charges defendant Howard Dunlap, along with Rachel Hubbard, with criminal sale of a controlled substance in the third degree for his participation, on October 21, 1992, in the sale of two bags of cocaine in crack form to an apprehended buyer, Cecilio Bridges. The alleged sale occurred in front of the Terminal Hotel, near the corner

of West 23rd Street and 11th Avenue. After the sale was observed by Police Officer Kevin Homan from a nearby Street Narcotics Enforcement Unit observation post, the officer radioed his backup team, which then arrested Bridges and recovered what looked liked (and later tested as being) narcotics.

Shortly thereafter, Dunlap, Hubbard and a third person entered a livery cab which had come to the hotel entrance. The livery cab was stopped at the corner of West 23rd Street and Ninth Avenue, at which time the police recovered a firearm stuffed in the back seat from near where Dunlap had been seated. Only Dunlap was subsequently charged in the second count of the indictment with criminal possession of a weapon in the third degree.

On May 21, 1993, Supreme Court conducted a combined *Huntley/Wade/Mapp* hearing, at which the People called the police officer who had staffed the observation post, Police Officer Homan, and the sergeant who supervised the backup arrest team, Sergeant David Hurst. The hearing court credited the testimony of the two prosecution witnesses, and denied all branches of the two defendants' motions to suppress except that which pertained to defendant Dunlap's statement, "The gun is mine." Although the hearing court found the statement was not the tainted fruit of an illegal arrest or other Fourth Amendment violation, it concluded that the People had "failed to meet their burden to prove that the statement had not been induced, provoked, or encouraged by the police", and suppressed it as having been "involuntarily made" (CPL 60.45).

At the next court appearance, on May 24, 1993, just before the start of jury selection, the People indicated that, pursuant to CPL 450.20 (8), they would be exercising their right to appeal the court's ruling granting suppression of defendant's statement. They also moved to sever the defendant's case from that of his codefendant Hubbard, who was only charged with the drug-related count. After further discussion, during which the court expressed skepticism as to the People's ability to present a legally sufficient case, it informed the parties that "the appropriate motion * * * to be brought here is a motion to dismiss the drug count" of the indictment in the interest of justice. The defendants so moved, and the court then engaged in an analysis of the legal sufficiency of the prosecution's case.

Although the prosecutor objected that such a motion "must be made in writing and upon reasonable notice to the people" (CPL 210.45 [1]), the court nevertheless proceeded to consider the application on its merits. This failure to follow the proce-

dure set forth in the law was clearly error and warrants reversal in and of itself. It cannot be said, in light of the prosecutor's specific objection, that the People "waiv[ed] the formalities of CPL 210.45" (*People v Littles*, 188 AD2d 255, 256, *lv denied* 81 NY2d 842).

If we were to reach the merits of the dismissal motion, we would note that the record is devoid of any mention whatsoever of the various factors enumerated in CPL 210.40 that a court must consider upon a motion to dismiss in the interest of justice. The court considered only the sufficiency of the evidence. However, its analysis was based on the evidence at a suppression hearing and is more an expression of its view of the strength of the People's case rather than a considered assessment of whether there was prima facie proof of the crimes charged, or of any lesser included offenses. The power of the court to dismiss an indictment in the interest of justice, without the consent of the prosecution, is to be "exercised most sparingly, and only in those cases where some 'compelling factor' (CPL 210.40 [1]) warrants the conclusion that the court should substitute its discretion for that of the District Attorney, the State officer normally charged with the responsibility of 'determining when and in what manner to prosecute a suspected offender' " (*People v Field*, 161 AD2d 660, 661, quoting *People v Di Falco*, 44 NY2d 482, 486; *see also, People v Howard*, 151 AD2d 253, *lv denied* 74 NY2d 811). Thus, on the current record, the court's dismissal of the first count of the indictment was an abuse of discretion (*see, People v Perez*, 156 AD2d 7, 11, *lv denied* 76 NY2d 794; *People v Howard, supra*).

Contrary to the determination of the motion court regarding the admissibility of defendant's statement, we conclude that the prosecution met its burden of demonstrating, beyond a reasonable doubt, that defendant's statement was voluntarily made. The hearing court erred in holding that the People were required to produce all of the police officers who had contact with defendant from arrest to the time he made his statement. If, as here, the defendant does not present a bona fide factual predicate which demonstrates that the other officers possess material evidence on the issue of whether his statement was voluntary, the prosecution may meet its burden through the testimony of the officer who elicited the statement (*People v Witherspoon*, 66 NY2d 973, 974; *see also, People v Chavis*, 147 AD2d 582, *lv denied* 74 NY2d 662). Sergeant Hurst, whose testimony was credited by the hearing court, explained that, since it was not the practice of the narcotics task force to question any defendants beyond soliciting pedigree information

from them, Dunlap was neither advised of his *Miranda* rights nor interrogated at the Tenth Precinct. Yet, approximately an hour after Dunlap had been arrested, and he had already been brought to a holding cell, Sergeant Hurst was in his office when Officer Burgess called out to him, "Hey Sarge, this guy wants you." As Sergeant Hurst then approached the holding cell, Dunlap volunteered, "The gun is mine." Sergeant Hurst stated that he never asked Dunlap any questions or did anything else to elicit the statement. The Sergeant, moreover, had no knowledge of any other officer posing any questions to Dunlap.

The Sergeant's uncontradicted and unimpeached testimony adequately established the spontaneous nature of Dunlap's comment (*see, People v Rivers*, 56 NY2d 476). Dunlap simply never made the requisite showing to justify the hearing court's conclusion that the prosecution was required to have every officer who had contact with defendant "from the time they grabbed him on 23rd Street until he was in that pen" testify at the *Huntley* hearing. Thus, the court erred in granting Dunlap's motion to suppress the statement he made in the holding cell. Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.