■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN KISENIK, Appellant. [727 NYS2d 540] —Peters, J. Appeal from a judgment of the County Court of Greene County (Lalor,

J.), rendered January 11, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts).

In June 1999, defendant was indicted on two counts each of criminal possession and criminal sale of a controlled substance in the third degree arising from two separate sales of crack cocaine to an undercover police officer in the Town of Windham, Greene County. Following arraignment, but prior to trial, defendant had numerous telephonic communications with George Tortorelis, Chief of the Town of Windham Police Department, about which Tortorelis testified at trial. The jury convicted defendant of all charges and she was subsequently sentenced to concurrent terms of imprisonment of 6 to 20 years on each count.

On appeal, defendant asserts that her statements to Tortorelis were elicited in violation of her right to counsel and right against self-incrimination. We disagree. Even if a defendant is represented by counsel, his or her comments are admissible at trial if they "were spontaneous statements not initiated by police conduct nor the result of police questioning or an interrogation environment" (*People v Bolarinwa*, 258 AD2d 827, 829, *lv denied* 93 NY2d 1014; *see, People v Harris*, 57 NY2d 335, 342, *cert denied* 460 US 1047; *People v Lynes*, 49 NY2d 286, 293-295). According to Tortorelis' testimony, defendant telephoned him on several occasions during the two-week period preceding her trial. She explained that she had only been involved with crack cocaine for about five months and offered to provide him with information in exchange for leniency.

Under these circumstances, we find that defendant was not deprived of her constitutional rights as she voluntarily conversed with Tortorelis during these telephone calls which were initiated by her while not in police custody (*see, People v Garland*, 177 AD2d 410, *lv denied* 79 NY2d 1000; *People v Jones*, 140 AD2d 372, 373; *see also, People v Bolarinwa, supra*, at 829; *People v Reyes*, 190 AD2d 693, 694, *lv denied* 81 NY2d 975; *People v Delgrippo*, 172 AD2d 685, *lv denied* 78 NY2d 965). Although defendant offered a differing account of these conversations, her conflicting testimony presented a credibility issue which the jury resolved in the People's favor (*see, People v Amadeo*, 268 AD2d 672, 673, *lv denied* 95 NY2d 832; *People v Burton*, 191 AD2d 307, 308, *lv denied* 81 NY2d 1011).

Nor do we find error in the testing of only a portion of the substance sold to the undercover police officer. With the police chemist testifying that a single bag from each of the two

transactions tested positive for cocaine, the People's burden was satisfied; they were not required to prove the quantity of cocaine to sustain the convictions of the crimes charged (*see, People v Vaughns*, 272 AD2d 915, 915-916, *lv denied* 95 NY2d 872; *see also,* Penal Law § 220.16 [1]; § 220.39 [1]).

Finally, we are not persuaded that the sentence imposed was harsh and excessive since it falls within permissible statutory limits and is less than the maximum term authorized by law (*see,* Penal Law § 70.00 [2] [b]; [3] [b]). Lacking countervailing circumstances warranting a reduction in the interest of justice when defendant's prior criminal record is considered (*see, People v Carter*, 267 AD2d 594, *lv denied* 94 NY2d 917; *People v Parker [Charleston]*, 257 AD2d 693, 695, *lvs denied* 93 NY2d 1015, 1024; *People v Cruz*, 244 AD2d 803, 804-805), we decline further review.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.