■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIEM GRIFFIN, Appellant. [916 NYS2d 201]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered July 22, 2009, convicting him of assault in the second degree, vehicular assault in the second degree, reckless endangerment in the second degree, operating a motor vehicle while under the influence of alcohol (two counts), operating a motor vehicle without a license, reckless driving, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robbins, J.), of that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally

insufficient to establish his guilt of assault in the second degree (*see* Penal Law § 120.05 [4]) is unpreserved for appellate review, except to the extent the defendant contends that the People failed to present any evidence of reckless conduct (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Carrington*, 30 AD3d 175 [2006]; *People v Bell*, 112 AD2d 27 [1985]; *see also People v Lampon*, 38 AD3d 682, 682-683 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his written statement to law enforcement officials because, at the time he gave the statement, he could not voluntarily waive his right to counsel due to his physical condition is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the People met their burden of proving beyond a reasonable doubt that the defendant's written statement made to law enforcement officials was voluntary (*see People v Anderson*, 42 NY2d 35, 38 [1977]; *People v Balram*, 47 AD3d 1014, 1015 [2008]; *People v Williams*, 40 AD3d 1364, 1365 [2007]; *People v Pearce*, 283 AD2d 1007 [2001]).

The defendant's claim that he was deprived of the effective assistance of counsel insofar as it is based on defense counsel's failure to retain and present the testimony of an accident reconstruction expert is premised upon matters dehors the record and is not reviewable on direct appeal (*see People v Park*, 60 AD3d 972, 973 [2009]; *People v Holland*, 44 AD3d 874 [2007]). To the extent that this claim is reviewable, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Dashosh*, 59 AD3d 731 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's application for a waiver of

restitution pursuant to CPL 420.10 (5) on the basis of his indigency is premature as he is still incarcerated (*see* CPL 420.10 [5] [d]; *People v Fields*, 193 AD2d 814 [1993]; *People v Pagan*, 176 AD2d 472 [1991]; *People v Velez*, 150 AD2d 514 [1989]). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.