■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BURKETT, Appellant. [950 NYS2d 194]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered May 6, 2010, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The complainant, a taxi driver, testified that the defendant and his accomplice entered his taxi and directed him to the 1400 block of Lincoln Terrace, in Peekskill, Westchester County. Upon arriving at that location, the defendant pointed his left hand, which was wrapped in a red sweater, at the complainant, and demanded money. Believing that the defendant had a gun under the sweater, the complainant handed over the money he had, and the defendant and his accomplice fled. The police arrived at the complainant's location shortly thereafter, and the complainant pointed out where the defendant and his accomplice had gone. The police pursued and captured the defendant and his accomplice. A red sweater was recovered from a nearby yard.

A detective later interviewed the defendant, who confessed to the crime. A videotape recording of the confession and a signed *Miranda* waiver (*see Miranda v Arizona,* 384 US 436 [1966]) were entered into evidence at a suppression hearing. The defendant testified at the hearing and did not dispute the contents of the videotaped confession, nor did he dispute that he was read his *Miranda* rights. Instead, he testified that his accomplice was a member of the "Bloods" street gang, and that the accomplice told the defendant that the defendant would be attacked by other gang members in prison if he did not take full responsibility for the crime. The hearing court, inter alia, denied

those branches of the defendant's omnibus motion which were to suppress the confession and the red sweater. Thereafter, at trial, a jury convicted the defendant of robbery in the second degree and grand larceny in the fourth degree. The defendant appeals from the judgment of conviction, and we affirm.

"A confession is 'involuntarily made' when it is obtained by a public servant engaged in law enforcement activity by means of any promise or statement of fact which creates a substantial risk that the defendant might falsely incriminate himself" (*People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]). Indeed, a finding that a confession was not made voluntarily must be based on a finding of " 'coercive police activity' " (*id.*, quoting *Colorado v Connelly*, 479 US 157, 167 [1986]). Here, at the suppression hearing, the People met their burden of proving beyond a reasonable doubt that the defendant's confession was made voluntarily, and the defendant presented no evidence that the police were involved in the alleged threat made by his accomplice (*see People v Griffin*, 81 AD3d 743, 744 [2011]; *People v Reyes*, 190 AD2d 693, 694 [1993]; *People v Wilson*, 143 AD2d 786, 787 [1988]). Furthermore, contrary to the contention of the defendant in his pro se supplemental brief, the hearing court properly denied his application to call a certain witness who had been incarcerated with his accomplice. At the suppression hearing, the defendant's attorney represented that the witness would testify that the defendant's accomplice admitted to threatening the defendant. However, since the witness had nothing to offer regarding police involvement in the alleged threat, the testimony would have been both immaterial and cumulative (*see People v Fowler*, 61 AD3d 698 [2009]). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his confession.

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress the red sweater. "Where [as here] a defendant abandons property, there is no search or seizure" (*People v Hogya*, 80 AD2d 621, 621 [1981]).

Contrary to the defendant's contention in his pro se supplemental brief, the County Court properly denied his application, made during the suppression hearing, to substitute counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]). Counsel may be substituted at the trial court's discretion, and only where good cause is shown (*see People v Porto*, 16 NY3d 93, 99-100 [2010]). The defendant

must make a specific factual allegation of a serious complaint about his current counsel (*id.* at 100). Here, the defendant refused to tell the court why he wanted a new lawyer, and, therefore, failed to make a specific factual allegation of a serious complaint.

Contrary to the defendant's contention in his pro se supplemental brief, he waived his right to be present during jury selection (*see e.g. People v Spotford*, 85 NY2d 593, 597-598 [1995]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review, and, in any event, without merit. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.