■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SIMMONS, Appellant. [966 NYS2d 884]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (R. Doyle, J.), rendered December 12, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not validly waive his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]). However, contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence. The People established that the police lawfully approached the vehicle in which the defendant was a passenger, and asked the driver of the vehicle for his license and registration, after the vehicle swerved into the testifying police officer's lane of traffic, almost striking his vehicle (*see People v Reid*, 104 AD3d 58 [2013]; *People v Peterson*, 22 AD3d 770, 771 [2005]; *People v Hoffman*, 135 AD2d 299, 301 [1988]; Vehicle and Traffic Law § 1120 [a]). Contrary to the defendant's contention, the police officer's testimony was not incredible or otherwise unworthy of belief (*see People v Blinker*, 80 AD3d 619, 620 [2011]).

With respect to the defendant's request for a document pursuant to 7 NYCRR 1900.4 (c) (1) (iii) rendering him eligible for temporary release, we note that the defendant may seek such relief in the County Court (*see generally People v Cumberbatch*, 24 Misc 3d 412 [Sup Ct, Kings County 2009]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.