THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK DEAL, Appellant. [982 NYS2d 388]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered September 30, 2011, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not validly waive his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Simmons*, 107 AD3d 1020, 1021 [2013]). However, contrary to the defendant's contention, the County Court did not err in denying his motion to substitute counsel. Counsel may be substituted, at the trial court's discretion, where good cause is shown (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Burkett*, 98 AD3d 746 [2012]). In support of such a motion, the defendant must "make a specific factual allegation of a serious complaint about his current counsel" (*People v Burkett*, 98 AD3d

at 748; *see People v Porto*, 16 NY3d at 100). Here, the defendant made only a vague complaint about his dissatisfaction with the proceedings and, therefore, the court did not err in summarily denying the motion (*see People v Porto*, 16 NY3d at 100-101; *People v Robinson*, 285 AD2d 478 [2001]).

The defendant failed to preserve for appellate review his claim that his plea of guilty was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Soria*, 99 AD3d 1027 [2012]). Furthermore, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*see People v McNair*, 13 NY3d 821, 822 [2009]; *People v Lopez*, 71 NY2d at 666; *People v Soria*, 99 AD3d at 1027). In any event, a defendant is not entitled to vacatur of his plea of guilty "based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (*People v Dixon*, 29 NY2d 55, 57 [1971]; *see People v Soria*, 99 AD3d at 1027; *People v Gibson*, 95 AD3d 1033, 1033-1034 [2012]; *People v James*, 192 AD2d 555, 556 [1993]).

The defendant's contention that he was deprived of the effective assistance of counsel as a consequence of his attorney's failure to make a motion to withdraw his plea based on certain post-plea statements appearing in the presentence investigation report is without merit. Counsel's failure to make a motion that had little or no chance of success does not constitute ineffective assistance (*see People v Ingram*, 80 AD3d 713, 714 [2011]; *People v Terrell*, 78 AD3d 865, 866 [2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]).

The defendant's contention that his plea of guilty was not knowing and voluntary because the County Court failed to advise him, at the time of his plea, that it would issue an order of protection in favor of the complainant, is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Beckers*, 94 AD3d 774 [2012]; *People v Margillo*, 69 AD3d 655 [2010]; *see generally People v Nieves*, 2 NY3d 310, 316 [2004]; *cf. People v Peque*, 22 NY3d 168 [2013]; *People v Gravino*, 14 NY3d 546, 556 [2010]).

The defendant's contention that the duration of the order of protection issued in favor of the complainant exceeded the maximum permissible period is unpreserved for appellate review because the defendant did not raise this issue at sentencing or move to amend the order of protection on this ground (*see* CPL

470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v Remington*, 90 AD3d 678, 679 [2011]; *People v Peterkin*, 27 AD3d 666, 667 [2006]), and we decline to reach the issue in the interest of justice.

The defendant's remaining contentions regarding the order of protection are unpreserved for appellate review, and, in any event, without merit. The defendant's remaining contention regarding the denial of his motion to withdraw his plea is without merit. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.