The People of the State of New York, Appellant,
against
Mohammed Sesay, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Marsha D. Michael, J.), dated July 5, 2017, which dismissed the counts of the accusatory instrument charging defendant with criminal obstruction of breathing or blood circulation, and attempted assault in the third degree.




Per Curiam.
Order (Marsha D. Michael, J.), dated July 5, 2017, reversed, on the law, the counts of the accusatory instrument charging defendant with criminal obstruction of breathing or blood circulation, and attempted assault in the third degree are reinstated, and the matter remanded to Criminal Court for further proceedings.
The court's sua sponte dismissal of count one of the accusatory instrument, charging criminal obstruction of breathing or blood circulation, was improper. Defendant's postarraignment motion, as well as defense counsel's representations to the court during the colloquy on that motion, clearly indicated that defendant was only moving to dismiss the aggravated harassment and attempted assault charges as facially insufficient. The dismissal of the criminal obstruction charge, in the absence of a proper written motion, was a violation of CPL 210.45(1), which requires that the motion "must be made in writing and upon reasonable notice to the [P]eople" (CPL 210.45[1]; see People v Littles, 188 AD2d 255, 256 [1992], lv denied 81 NY2d 842 [1993]), and warrants reversal in and of itself (see People v Dunlap, 216 AD2d 215, 216-217 [1995]).
Nor can it be said that the People waived the requirement that the motion be made in writing (see People v Littles, 188 AD2d at 256). The dismissal was summary in nature and the People were not prepared to respond to the court's abrupt determination that "count number one, criminal obstruction of breathing, is also found at this time to be facially insufficient" (see People [*2]v Parker, 223 AD2d 179 [1996], appeal denied 89 NY2d 927 [1996]).
In any event, the count charging defendant with criminal obstruction of breathing or blood circulation was not jurisdictionally defective. Allegations that on February 14, 2017, at 2:15 a.m., defendant—identified by the complainant as a person she had been "in an intimate relationship with . . . for approximately four years"—stated "I'm going to hurt you" and "then placed both hands around [complaint's] neck and squeezed while pushing her onto the bed," causing the complainant to "fear for her physical safety," were sufficient to establish that defendant applied pressure on the victim's neck with the intent to impede her normal breathing (see Matter of Kenrick C., 143 AD3d 600 [2016]; People v Peterson, 118 AD3d 1151, 1154 [2014], lv denied 24 NY3d 1087 [2014]).
Similarly, the accusatory instrument was not jurisdictionally defective with respect to the attempted third-degree assault count (see Penal Law §§ 110/120.00[1]). At the pleading stage, defendant's intent to cause physical injury, i.e., "substantial pain" (see Penal Law § 10.00[9]), a term which simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law § 10.00[9]), could be readily inferred from "the totality of the conduct of the accused" and the surrounding circumstances (People v Horton, 18 NY2d 355, 359 [1966], cert denied 387 US 934 [1967]; Matter of Edward H., 61 AD3d 473, 473 [2009]; Penal Law 120.00[1]). The fact that the complainant "managed to avoid physical injury does not preclude a finding that [defendant] attempted to inflict such injury" (Matter of Marcel F., 233 AD2d 442, 442-443 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2018