■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIVON LAKE, Appellant. [752 NYS2d 879] —Judgment, Supreme

Court, Bronx County (Patricia Williams, J.), rendered December 9, 1997, as amended February 3, 1998, convicting defendant, after a jury trial, of assault in the first degree and three counts of assault in the second degree, and sentencing him, as a second felony offender, to consecutive terms of nine years, 3½ to 7 years and 3½ to 7 years, concurrent with a term of 3½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant was convicted of shooting the same victim on two separate occasions and also of wounding a bystander in the second incident. The People disproved defendant's justification defense beyond a reasonable doubt as to each of the two incidents. Issues of credibility were properly considered by the trier of facts and there is no basis for disturbing its determinations. There was ample evidence that the bystander sustained a serious physical injury, including her credible testimony that her gunshot wound impaired the functioning of her arm for an extended period of time until this condition was finally corrected by surgery (*see People v Staunton*, 190 AD2d 703, *lv denied* 81 NY2d 977).

The court properly denied defendant's request for a missing witness charge as to the estranged girlfriend of the person who was shot in both incidents. The court properly concluded that this witness was not under the People's control for purposes of a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 428-429). By the time of trial, her relationship with this victim had deteriorated to the point that she had sought an order of protection against him and had taken refuge in a battered women's shelter. Moreover, she was also defendant's cousin.

Viewed as a whole, the court's justification charge clearly conveyed the correct standards and apprised the jury that the justification defense applied to all the counts submitted (*see People v Knight*, 87 NY2d 873).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.