THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CARRINGTON, Appellant. [815 NYS2d 560]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 5, 2003, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant was convicted of assault under a theory of recklessness (*see* Penal Law § 15.05 [3]; § 120.05 [4]). While driving with a blood alcohol level of nearly .08, defendant made an illegal turn into the island area separating the northbound and southbound sides of Park Avenue at a busy intersection crowded with vehicular and pedestrian traffic. Defendant proceeded into the southbound lanes, against the 34th Street red light, at a high speed and without stopping, causing his vehicle to collide with a taxi, which was going straight with the traffic light in its favor. Defendant's ve-

hicle then careened into a pedestrian, causing severe injuries. This evidence supports the conclusion that defendant was aware of, and consciously disregarded, the substantial and unjustifiable risk posed by his actions (*see e.g. People v Patti*, 229 AD2d 506 [1996], *lv denied* 89 NY2d 927 [1996]; *People v Bell*, 112 AD2d 27 [1985]).

The court properly exercised its discretion in granting the People's request for a missing witness charge with respect to defendant's girlfriend, who was with him in the restaurant where he drank alcohol and on the ride leading to the accident. Since, in his testimony, defendant referred to the uncalled witness as his girlfriend and testified that he had been living with her at the time of the incident, the People made a prima facie showing of the element of favorability or "control," and defense counsel's conclusory statement that the relationship had terminated was insufficient to establish that the witness should no longer be presumed to be favorable to defendant (*compare People v Keen*, 94 NY2d 533, 539-540 [2000], *with People v Lake*, 301 AD2d 432 [2003], *lv denied* 99 NY2d 656 [2003]; *see also People v Savinon*, 100 NY2d 192, 201 [2003]).

We find no basis to reduce the sentence.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Malone, JJ.