■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIHAI MERZIANU, Appellant. [870 NYS2d 17]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant was convicted of assault under a theory of recklessness (*see* Penal Law § 15.05 [3]; § 120.05 [4]), based on evidence establishing that he deliberately engaged in a course of highly dangerous risk-creating conduct. During rush hour at the busy intersection of York Avenue and East 60th Street, defendant's car was behind several cars which were waiting for the left-turn signal to illuminate in one of two left-turning lanes on the southbound side of York Avenue leading to the northbound FDR Drive. Defendant's car suddenly made a screeching noise, crossed over

the double yellow line and proceeded the wrong way on the northbound side of the avenue, passing the cars waiting to turn, in an attempt to make the turn onto the ramp which led to the drive. This resulted in a collision with a vehicle traveling north on the avenue, which in turn, caused that vehicle to pin a traffic enforcement agent against a divider, causing him to sustain serious physical injuries. This evidence supports the conclusion that defendant was aware of, and consciously disregarded, the substantial and unjustifiable risk posed by his actions (*see e.g. People v Carrington*, 30 AD3d 175 [2006], *lv denied* 7 NY3d 846 [2006]).

The court properly exercised its discretion in permitting a physician to testify about the victim's injuries even though defendant had expressly conceded the element of serious physical injury (*see People v Hills*, 140 AD2d 71, 77-81 [1988], *lv denied* 73 NY2d 855 [1988]; *cf. Old Chief v United States*, 519 US 172 [1997]). The court placed suitable limits on the testimony, which was not unduly prejudicial, and it gave the jury an appropriate cautionary instruction that it is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.