People v Calderon (2019 NY Slip Op 02468)





People v Calderon


2019 NY Slip Op 02468


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8863 4318/14

[*1]The People of the State of New York, Respondent,
v
Joseph Calderon, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), and Milbank, Tweed, Hadley & McCloy LLP, New York (Yelena Ambartsumian of counsel), for appellant.
Joseph Calderon, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Abraham Clott, J. at jury trial and sentencing), rendered October 23, 2015, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence was overwhelming. The People presented a chain of circumstantial evidence that had no rational explanation other than defendant's guilt. In particular, although a surveillance videotape of events that occurred immediately before defendant's arrest was too grainy to permit recognition of defendant's face, there was no reasonable possibility that defendant and the man of identical dress and appearance depicted in the videotape were two different people.
We agree that the court erred in failing to sustain defense counsel's objection when the arresting officer, while viewing the videotape, and without prompting, identified defendant as one of the people depicted. The officer was not previously familiar with defendant, and there was no basis to conclude he was "more likely to correctly identify the defendant from the [videotape] than [was] the jury" (People v Sanchez, 95 AD3d 241, 249 [1st Dept 2012], affd 21 NY3d 216 [2013]). However, this isolated instance of apparent lay opinion was plainly harmless. After the overruled objection, the prosecutor immediately elicited that the officer could not "make out the face of the person" in the video whom he had said was defendant. The officer's testimony as a whole made clear that he did not claim to recognize defendant in the video, but that he was testifying about similarities between the appearance and distinctive clothing of the man in the video and that of defendant when he was arrested.
Defendant's argument that the officer's testimony regarding these similarities, while "narrating" the video, was improper is unpreserved, and we decline to reach it in the interest of justice. As an alternative holding, we find that the testimony did not constitute lay opinion testimony. The officer testified about matters within his personal knowledge regarding defendant's appearance at his arrest, and pointed out things that were readily visible to the jury, which could note the obvious similarities between the man in the video and defendant's appearance at the time of his contemporaneous arrest.
The court providently exercised its discretion in admitting a photograph of defendant and a boy, in which both had their middle fingers extended in a crude gesture, over defense objection that it was unduly inflammatory. It is undisputed that the photo was relevant to show that [*2]defendant possessed distinctive shoes matching those worn by the man in the video. The court properly concluded that the photo's probative value outweighed its potential for prejudice. The fact that the prosecution declined to take up defense counsel's offer to stipulate to defendant's possession of the shoes does not render the court's ruling an improvident exercise of discretion (see People v Andrade, 87 AD3d 160, 165-168 [1st Dept 2011], lv denied 17 NY3d 951 [2017]; People v Merzianu, 57 AD3d 385, 386 [1st Dept 2008], lv denied 12 NY3d 819 [2009]).
In any event, any error regarding any of the above-discussed evidentiary issues was also harmless in light of the overwhelming evidence (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing defendant's sentence.
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK