People v Kinsman (2021 NY Slip Op 01009)





People v Kinsman


2021 NY Slip Op 01009


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


 Sci. No. 4041/18 Appeal Nos.13147-13148 Case No. 2019-05376 2019-04595 

[*1]The People of the State of New York, Respondent,
v
John Kinsman et al., Defendants-Appellants. 


Alexei Schacht Attorney at Law, New York (Alexei M. Schacht of counsel), for John Kinsman, appellant.
Ronald P. Hart, P.C., New York (Ronald P. Hart of counsel), for Maxwell Hare, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered October 22, 2019, convicting defendant Maxwell Hare, after a jury trial, of attempted gang assault in the first degree, attempted assault in the second degree, riot in the second degree, and two counts of attempted assault in the third degree, and sentencing him to an aggregate term of four years, unanimously affirmed. Judgment, same court, Justice and date, convicting defendant John Kinsman, after a jury trial, of attempted gang assault in the first degree, attempted assault in the first and second degrees and riot in the second degree, and sentencing him to an aggregate term of four years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, there was overwhelming evidence to support the convictions we are affirming. This case involved an attack by defendants' political group, the Proud Boys, on members of Antifa, an opposing political group. Defendants admitted to punching and kicking the victims, and video footage captured virtually all of the conduct at issue. The requisite levels of intent could be readily inferred from defendants' conduct, and, likewise, the evidence overwhelmingly disproved their justification defense. Although the People were unable to establish the extent of the Antifa members' injuries because they refused to cooperate, defendants were properly convicted of attempted crimes, which did not require proof of injury.
Regarding defendants' convictions of attempted assault in the second degree, which involved defendants' acts of kicking one of the Antifa members, the evidence proved that acting as a principal or accomplice, intended to cause physical injury and attempted to do so by means of a dangerous instrument as defined in Penal Law § 10.00(13). It is well established that a boot may constitute a dangerous instrument when used in a manner "readily capable of causing serious injury" (People v Byrd, 51 AD3d 267, 275 [1st Dept 2008], lv denied 10 NY3d 956 [2008]). Defendants' intent and attempt to cause physical injury were demonstrated by defendant Kinsman, who while wearing brown leather boots, repeatedly kicked the victim while she was still on the ground and after she had just been repeatedly kicked by another Proud Boy and by defendant Hare who punched the victim and also kicked her multiple times while he was wearing Doc Marten boots (People v Shoy, 178 AD3d 621, 621 [1st Dept 2019], lv denied 35 NY3d 974 [2020] [the defendant's intent to inflict serious physical injury could be inferred from "his own violent acts" and his "acts of assisting others in committing more serious violence against the victims"]; People v Bishop, 117 AD3d 430, 430 [1st Dept 2014], lv denied 23 NY3d 1034 [2014] [evidence that the defendant punched and kicked victim after another person had stabbed victim showed that the defendant acted [*2]with intent to cause serious physical injury to the victim]). 
The court providently exercised its discretion in permitting the People to call an expert witness on extremist groups. Some background information regarding the ideology and past conduct of the Proud Boys was permissible to explain the preexisting animosity between the Proud Boys and Antifa at the time of the incident at issue (see generally People v Scarola, 71 NY2d 769, 777 [1988]). Although defendants objected to the court's general ruling that permitted the expert to be called, they failed to preserve their specific objections to particular portions of the expert's testimony, or to related portions of the People's cross-examination of defense witnesses and summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. While some of the evidence regarding the Proud Boys' practices, and in particular racist remarks made by the group's founder, were immaterial to the issues at trial, and their potential for prejudice outweighed any probative value, the court issued a limiting instruction that the background information provided by the expert was not proof of the defendants' mental states. To the extent some evidence should have been excluded, any error was harmless because the proof of defendants' guilt was overwhelming, and there was no significant probability that the jury would have acquitted them had the error not occurred (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendants' challenges to the court's main and supplemental jury instructions do not warrant reversal. The main and supplemental charges generally followed the Criminal Jury Instructions, and the court correctly stated the law to the extent it supplemented those pattern instructions at times in its meaningful responses to the jury's notes (see generally People v Samuels, 99 NY2d 20, 25 [2002]; People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021