People v Greene
2026 NY Slip Op 03397
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Dakeem Greene, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 179/20|Appeal No. 6784|Case No. 2023-01754|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Christiana Hope Prater-Lee of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Cori H. Weston, J.), rendered March 24, 2023, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years on each of the robbery counts, and five years on the assault count, unanimously affirmed.
The evidence supporting the two counts of second-degree robbery was legally sufficient and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). Surveillance footage which captured the entire incident leaves no doubt that defendant "shared intent and community of purpose" with the three women who took the victim's wallet after defendant assaulted him (People v McKenny, 191 AD3d 510, 511 [1st Dept 2021], lv denied 36 NY3d 1121 [2021]; see also People v Jennings, 199 AD3d 427, 427 [1st Dept 2021], lv denied 37 NY3d 1161 [2022]). It is also clear that there was a taking, and the fact that one of defendant's accomplices discarded the victim's wallet after she and her companions rifled through it did not demonstrate that they only intended to temporarily deprive the victim of it (cf. People v Parker, 96 AD2d 1063, 1065 [2d Dept 1983]).
Defendant's conviction of assault in the second degree was also based on legally sufficient evidence and not against the weight of the evidence. While defendant contends the evidence did not establish that the victim's injuries resulted from a stomp on the victim's head, the surveillance footage, together with other evidence, including the nature of the injuries to the victim's head, demonstrated that defendant stomped on the victim's head with his shod foot (see People v Kinsman, 191 AD3d 539, 540 [1st Dept 2021], lv denied 36 NY3d 1121 [2021]).
The court did not abuse its discretion in admitting arrest photos and body-worn camera footage of the arrest notwithstanding that there was no dispute regarding defendant's identity (see People v Merzianu, 57 AD3d 385, 386 [1st Dept 2008], lv denied 12 NY3d 819 [2009]). In any event, any error in this regard was harmless.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026